UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANHT REATREY KEO,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>  Defendant,<br><br>and<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>  Intervenor. | Case No. 19-cv-02688-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Chanht Keo ("Keo") brings this action against Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") alleging that Freddie Mac's nonjudicial foreclosure of Keo's former residence at 18 Falmouth Cove in San Rafael (the "property")—where Keo still resides pending eviction—violated her Fifth Amendment right to due process. Keo also brings a claim for cancellation of instruments, alleging that Freddie Mac's subsequent purchase of the property using a "credit bid" at a trustee sale was invalid and should therefore be rescinded. Freddie Mac moves to dismiss, arguing first and foremost that both of Keo's claims are barred by *res judicata*, given the multiple prior state court decisions dismissing Keo's earlier challenges to the same foreclosure proceeding. The Federal Housing Finance Agency ("FHFA") was permitted

to intervene as Conservator of Freddie Mac and adopted the pending motion. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for September 26, 2019 is vacated. Because the foreclosure in question has already been scrutinized and uniformly endorsed in numerous prior state court proceedings, in which all of Keo's claims were or could have been brought, Freddie Mac's motion to dismiss is granted, without leave to amend, on *res judicata* grounds.

## II. BACKGROUND[1]

In December of 2008, Keo obtained a refinance loan from Countrywide Bank, FSB in the amount of $417,000, secured by a Deed of Trust.[2] By September of 2011, Keo had fallen behind in her obligations under the loan, which was then nearly $80,000 past due. On September 15, 2011, Quality Loan Service Corporation ("Quality Loan"), having been substituted in place of the original trustee under the Deed of Trust, recorded a Notice of Default with Marin County. Three months later, Quality Loan recorded with the County a notice of trustee's sale on the loan, which listed Keo by name, advised her that she was in default, and advised her to contact a lawyer should she need assistance.

On April 12, 2012, Keo filed suit in the Superior Court for the State of California, County

---

[1] For purposes of the motion to dismiss, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

[2] In connection with its motion to dismiss, Freddie Mac requested this Court take judicial notice of publicly recorded documents pertaining to the property along with court filings from the related state court proceedings. Courts routinely take judicial notice of materials that fall within these two categories. *See, e.g.*, *Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1205 n.2 (N.D. Cal. 2012) (taking judicial notice of facts contained in notice of default as a public record); *U.S. ex rel Robinson Rancheria Citizens v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of other state and federal proceedings is appropriate when those proceedings directly relate to the matters at issue.) Freddie Mac's request to take judicial notice of Exhibits 1 through 26 from Docket 21 and Exhibits 1 through 3 from Docket 29 is therefore granted. *See Startup v. JP Morgan Chase Bank N.A.*, No. 14-cv-1032, 2014 WL 12603069, at *2 (C.D. Cal. Oct. 9, 2014) (granting defendant's request for judicial notice of documents relating to plaintiff's prior state court proceedings for purposes of a motion to dismiss). Keo's request for judicial notice (Docket 27), however, is denied as moot, because the document for which judicial notice was requested pertains only to the question of whether Freddie Mac can properly be considered a government actor for purposes of a due process violation, an issue that need not be reached for reasons explained below.

of Marin ("Action 1"), asserting nine causes of action including wrongful foreclosure, fraud, quiet title, recoupment, and declaratory relief. At bottom, Keo challenged defendants' right to collect payments and foreclose on the property. Keo later amended her complaint to include as a defendant Nationstar Mortgage LLC ("Nationstar"), Freddie Mac's servicer on the loan, but she never amended the complaint to include Freddie Mac. The Superior Court ultimately dismissed Keo's case without leave to amend. Keo appealed dismissal of her wrongful foreclosure claim and her functional cancellation of instruments claim[3], and the Court of Appeal ultimately affirmed the dismissal in September of 2015. (*See* Dkt. 21-1, Ex. 11.)

In the meantime, in January 2013 an assignment of the Deed of Trust in favor of Nationstar Mortgage LLC ("Nationstar") was recorded with the County of Marin, and four months later, Quality Loan recorded with the County a second notice of trustee's sale, which again listed Keo by name, advised her that her loan was in default, and advised her to contact counsel should she need assistance. Of course by this time, her first state court action was already underway.

After the Court of Appeal affirmed the dismissal of Action I, Keo did not seek review by the California Supreme Court; instead, she returned to Superior Court to file a second action on January 25, 2016 ("Action 2"), alleging causes of action for violation of the state Homeowner's Bill of Rights and federal Truth in Lending Act ("TILA"), rescission under TILA, and breach of the covenant of good faith and fair dealing. Nationstar was again a named defendant, but Freddie Mac was not. Nationstar prevailed in Action 2 on summary judgment, and the Court of Appeal again affirmed. The Court of Appeal concluded that, despite alleging new causes of action, the complaint in Action 2 centered on the same "primary right"—namely defendants' right to foreclose on Keo's property. In finding Keo's first claim was properly dismissed on *res judicata*

---

[3] In Action 1, Keo did not include in the operative complaint a cause of action for cancellation of instruments, but on appeal, she argued the "net effect" of the alleged illegal assignment and foreclosure was that "all of the wrongly recorded documents . . . should be cancelled." Despite Keo's failure to plead cancellation of instruments, the Court of Appeal nonetheless entertained the claim on appeal and concluded "her cancellation claim is entirely derivative of her claim for wrongful foreclosure" and therefore upheld the Superior Court's demurrer.

grounds, the Court of Appeal noted:

> Keo's prior lawsuit and the instant case also involve the same primary right. That she labeled her first lawsuit as one for "wrongful foreclosure," and in her first cause of action in the instant action purports to assert a statutory claim under Civil Code section 2924 subdivision (a)(6), does not change the fact that in both lawsuits she challenged the defendants' right to foreclose, including on the ground they lacked authority to do so because they supposedly did not have an adequate interest in the property. . . . She therefore cannot, in this case, take a second bite of the apple under the rubric of a statutory claim, rather than a "wrongful foreclosure" claim.

(Dkt. 21-2, Ex. 15 at 5.) Again, Keo did not seek California Supreme Court review of the Court of Appeal's decision in Action 2, but rather filed a third lawsuit on September 21, 2018 ("Action 3"), again in state court, and again challenging defendants' authority to foreclose. Keo once more named Nationstar and Quality Loan as defendants, but not Freddie Mac. After the Superior Court denied Keo's *ex parte* application for a temporary restraining order in this third lawsuit, the property was sold to Freddie Mac at a trustee sale on September 26, 2018. Later in Action 3, the Superior Court sustained Nationstar's demurrer without leave to amend on February 1, 2019, concluding:

> The current action is Plaintiff's third lawsuit all claiming that Defendant lacks authority to foreclose on the property. The court finds that the entire complaint is barred by the doctrine of res judicata. . . . It is readily apparent that Plaintiff's claims in all three cases are the same in that they all address Defendant's right to foreclose. All claims seeking to enforce[] the same "primary right" are regarded as the same cause of action regardless of the legal theory raised.

(Dkt. 21-3, Ex. 19 at 7.) Keo then filed a post-judgment motion for relief from dismissal in Action 3, which on March 8, 2019 was likewise denied by the Superior Court. Keo currently has two appeals pending in the First Appellate District relating to Action 3, one filed on November 19, 2018, before Nationstar's demurrer was heard, which challenges the court's denial of Keo's request for injunctive relief, and the other filed on May 6, 2019, after her motion for relief from dismissal was denied, which challenges the dismissal.

Just nine days after filing her second appeal from her third state-court action contesting the nonjudicial foreclosure, Keo filed this action in federal court against Freddie Mac, asserting a Fifth Amendment due process claim and a cancellation of instruments claim. Keo alleges that Freddie

Mac's nonjudicial foreclosure, conducted in accordance with California's nonjudicial foreclosure scheme as set forth in California Civil Code sections 2924 through 2924k, did not afford her adequate notice and opportunity to be heard in violation of her right to due process.[4] Keo also brings a cancellation of instruments claim, claiming Freddie Mac's purchase of the property via a "credit bid" should be rescinded because Freddie Mac was not the "present beneficiary" of the deed at issue at the time of the sale and therefore lacked authority to make a credit bid pursuant to California Civil Code § 2924h(b).

Relatedly, Freddie Mac filed an eviction action against Keo in state court in November 2018. Keo removed the case to federal court, and it was subsequently related to this action and remains pending. *See Fed. Home Loan Mortg. Corp. v. Keo*, Case No. 19-cv-2099-RS (N.D. Cal. filed Nov. 5, 2018). Since entering default in 2009, Keo has made no payments on the mortgage loan but has nonetheless continued to reside at the property for the intervening ten years.

### III. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This standard asks for "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The determination is a context-specific task

---

[4] The Due Process Clause of the Fifth Amendment only restrains the federal government and not private actors. *McNeil v. Verisign, Inc.*, 127 F. App'x. 913, 914 (9th Cir. 2005). To bring a due process claim against Defendant Freddie Mac, therefore, Plaintiff must establish that Freddie Mac is a government actor for purposes of constitutional claims. While the vast majority of case law, including binding precedent from the Ninth Circuit, suggests Freddie Mac is not a government actor despite the FHFA's conservatorship since 2008—*see, e.g.*, *U.S. ex rel. Adams v. Aurora Loan Servs., Inc.*, 813 F.3d 1259, 1261-62 (9th Cir. 2016)—the Court need not reach this question, for reasons explained below.

requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at 1242 (internal quotation marks and citation omitted). When evaluating such a motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (internal quotation marks and citation omitted).

When reviewing a motion to dismiss, pursuant to Federal Rule of Evidence 201(b), "a court may take judicial notice of matters of public record without converting the motion to dismiss into a summary judgment motion . . . [b]ut a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) (internal citations omitted). Moreover, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

IV. DISCUSSION

Federal courts must give full faith and credit to state court judgments under 28 U.S.C. § 1738 and Article IV section 1 of the U.S. Constitution. *Res judicata*, or claim preclusion, prohibits lawsuits on "any claims that were raised *or could have been raised*" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). "A clear and predictable *res judicata* doctrine promotes judicial economy," in that it "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a

different legal theory or for different relief." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002).

To determine whether a state court judgment bars a federal action, a federal court must apply the *res judicata* law of the state in which the judgment was entered. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under California law, *res judicata* bars claims "only if (1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior proceeding." *Zevnik v. Superior Court*, 159 Cal. App. 4th 888, 896 (2008). Here, because all three elements are satisfied with respect to both Keo's claims, her entire complaint is precluded.

First, the Court of Appeal's decision in Action 1 affirming the Superior Court's grant of a general demurrer can constitute a final judgment on the merits for *res judicata* purposes. *See Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1428 (2003) ("[A] judgment on a general demurrer will have the effect of a bar in a new action in which the complaint states the same facts which were held not to constitute a cause of action on the former demurrer . . . .") (internal citations omitted). Nor does the fact that Keo has two appeals pending before the First Appellate District in connection with Action 3 undercut the finality of the resolution in Action 1, where Keo declined to seek review by the California Supreme Court. For purposes of claim preclusion, therefore, the Court of Appeal decision in Action 1 affirming the general demurrer can serve as a final judgment on the merits deserving of preclusive effect, so long as the other requirements are met. Indeed, the Court of Appeal in Action 2, in finding claim one barred by *res judicata*, reached this same conclusion. (*See* Dkt. 21-2, Ex. 15 at 5.)

Second, both Keo's constitutional claim and her cancellation of instruments claim concern the same "cause of action" as the prior state court proceedings. *See Mycogen Corp.*, 28 Cal. 4th at 897 ("[A]ll claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date."). "To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have

consistently applied the 'primary rights' theory." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 813 (2010) (internal citations omitted). "[U]nder the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* at 814.

Granted, Keo asserts in this action for the first time a constitutional violation. Furthermore, this claim concerns the process afforded to Keo throughout the nonjudicial foreclosure proceedings, as opposed to Freddie Mac's underlying authority to foreclose. The gravamen of Keo's complaint, however, is that the foreclosure was wrongful, and her request for additional process is explicitly so that she may again challenge: "the true ownership of the note"; "Freddie Mac's authority to foreclose"; "Freddie Mac's determination of default"; "Freddie Mac's determination that [Keo] is not eligible for a loan modification, a repayment, or other homeowner assistance option"; "whether Freddie Mac acted in good faith"; and more. (Compl. ¶ 15.) Despite being couched in constitutional terms this fourth time around, Keo's opposition brief makes clear the primary right at its core remains the same: "the issue at stake in this proceeding is whether this defendant had the right to foreclose . . . ." (Dkt. 26 at 5 (emphasis omitted).) "In California, a wrongful foreclosure constitutes an injury to a single primary right, regardless of the legal theory challenging the foreclosure." *Lomeli v. JPMorgan Chase Bank, N.A.*, No. 15-cv-04022, 2015 WL 12746210, at *5 (C.D. Cal. Oct. 5, 2015); *see also Le v. Bank of America, N.A.*, 585 Fed. App'x. 362 (9th Cir. 2014) ("The district court properly dismissed the action as precluded by the doctrine of res judicata (claim preclusion) because Le alleged claims arising out of the same loan transaction and related foreclosure proceedings against the same defendant, or an entity in privity with the current defendants, in two prior federal actions in which there were final judgments on the merits."); *Zinni v. Jackson White, PC*, 565 Fed. App'x. 613, 616–17 (9th Cir.) ("To the extent that Plaintiffs' claims arise out of events flowing from the 2009 default and notice of sale, they are barred by claim preclusion because they arise from the same claim—M & I Bank's attempt to foreclose on Plaintiffs' loan—that was finally adjudicated on the merits by the district court"), *cert. denied*, 135 S. Ct. 711 (2014).

ORDER GRANTING MOTION TO DISMISS
CASE NO. 19-cv-02688-RS

8

Moreover, the doctrine of *res judicata* bars claims that could have been brought in a prior suit "whether or not [they were] actually asserted or decided." *Ivanoff v. Bank of America, N.A.*, 9 Cal. App. 5th 719, 727 (2017). Because Keo *could have challenged* the notice and opportunity to be heard afforded her in one of the prior state court proceedings—for example by amending her complaint in Action 3 to include a constitutional claim against Freddie Mac, given the foreclosure took place just five days after she filed—her attempt to raise a constitutional challenge here is precluded, so long as the other requirements for claim preclusion are satisfied.

Keo's second claim for cancellation of instruments also centers on the same primary right concerning the alleged wrongful disclosure and subsequent judicial sale. Indeed, the Court of Appeal affirmed dismissal of Keo's functional cancellation of instruments claim four years ago in Action 1. Because allowing this claim to proceed would undermine the rationale behind *res judicata*, this claim is likewise barred so long as the other requirements for claim preclusion are met, as they are here.

The third requirement for claim preclusion—that the second action involve the same party or a party in privity with a party to the prior action—is also satisfied. While this is the first lawsuit in which Keo names Freddie Mac as a defendant, Freddie Mac's agent Nationstar was a named defendant in Actions 1, 2, and 3. "The concept of privity . . . refers to a mutual or successive relationship to the same rights of property, or to such an *identification in interest* of one person with another as to represent the same legal rights. *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 149 (2006) (internal citations omitted) (emphasis in original). "In the final analysis, the determination of privity depends upon the fairness of binding a party to the present proceeding with the result obtained in earlier proceedings in which it did not participate." *Id.* Moreover, "[a] party is adequately represented for purposes of the privity rule if his or her *interests are so similar* to a party's interest that the latter was the former's virtual representative in the earlier action." *Id.* at 150 (emphasis in original). "Whether someone is in privity with the actual parties requires close examination of the circumstances of each case." *Id.* at 149-50.

Here, there is privity between Nationstar, the defendant in state court actions 1 through 3,

and Freddie Mac, the defendant in this litigation. Freddie Mac is the owner of the loan at issue, and Nationstar was the loan servicer for (and therefore the agent of) Freddie Mac. The prior state court rulings on Nationstar's ability to foreclose *on behalf of* Freddie Mac naturally impacted Freddie Mac as the *actual owner* of that loan. *See Tobin v. Nationstar Mortg., Inc.*, No. 16-cv-00836-CAS, 2016 WL 1948786, at * (C.D. Cal. May 2, 2016) (finding privity existed between Nationstar, not previously a named defendant, and U.S. Bank, named in a prior state court action, because "Nationstar currently services plaintiff's loan for U.S. Bank").

Keo, in an effort to avoid *res judicata*, argues in her Opposition that Freddie Mac "did not own the loan" while the prior actions were pending, and that neither "Defendant (nor Plaintiff) allege[d] or provide[d] any evidence at all as to Freddie Mac having an interest in the loan." (Dkt. 26 at 5.) As Freddie Mac points out in reply, however, Keo's own filings from the prior state court litigation directly contradict this assertion and make clear that Keo, at the very least, was aware of the *possibility* that Freddie Mac owned the loan at issue as early as January 2013. (*See, e.g.*, Dkt. 29-1, Ex. 1 at 2 (Keo's opposition to summary judgment in Action 2, arguing "the loan is most likely in an entity Freddie Mac created"); Dkt. 29-1, Ex. 2 at 2 (Declaration from Keo stating she was "informed that [her] loan was possibly sold to . . . Freddie Mac").) Therefore, because Keo elsewhere represented she *was* aware that Freddie Mac may have owned the loan at issue, she cannot now claim ignorance of Freddie Mac's involvement to avoid claim preclusion.

Because all three elements of a *res judicata* are satisfied for both Keo's claims, the entire complaint must be dismissed with prejudice in order to give full faith and credit to the prior state court adjudications.

## V. CONCLUSION

For the foregoing reasons, Freddie Mac's motion to dismiss is hereby GRANTED without leave to amend, and Keo's complaint is DISMISSED with prejudice.

**IT IS SO ORDERED**.

Dated: September 13, 2019

_____
RICHARD SEEBORG
United States District Judge